IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HON HAI PRECISION INDUSTRY CO., LTD., a Taiwan Corporation; and FOXCONN ELECTRONICS, INC., a California Corporation,<br><br>        Plaintiffs,<br><br>     v.<br><br>MOLEX, INC., a Delaware Corporation,<br><br>        Defendant. | Case No. 08 C 5582<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss filed by Defendant Molex, Inc. (hereinafter, "Molex"). Molex requests that the Court dismiss certain antitrust, state tort, and contract claims (Counts III, V, VI, VII, and VIII). For the reasons given below, Molex's Motion to Dismiss is **granted in part** and **denied in part**.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Hon Hai Precision Industry Co., Ltd. and its subsidiary Foxconn Electronics, Inc. (collectively, "Hon Hai") develop, market, and distribute electronic components, including electrical connectors used to interconnect personal computers and audio/visual equipment. Molex is a supplier of interconnect products and the owner of the United States patent for the DisplayPort Interface Standard ("DisplayPort"), a standard that

relates to a flexible digital interface capable of handling video and audio data over a common cable. DisplayPort was published by the Video Electronics Standards Association ("VESA"), a nonprofit corporation that sets industry-wide standards. According to Hon Hai, Molex is a member of VESA and helped to develop the DisplayPort. Hon Hai also made certain representations and warranties to VESA, including promising to offer patent licenses to others interested in implementing the DisplayPort on reasonable and nondiscriminatory terms.

On September 17, 2007, Hon Hai and Molex entered into the DisplayPort Standard License Agreement (the "License Agreement"), in which Molex granted to Hon Hai a license to the "necessary claims" for implementing the DisplayPort. The parties agree that the License Agreement covers connectors that conform to the VESA standard and include a surface mount termination (the "SMT connectors"), but dispute whether the license covers connectors that otherwise conform to the VESA standard but have a through-hole termination (the "TH connectors").

On September 30, 2008, Hon Hai filed a Complaint against Molex, alleging breach of contract, tortious interference with prospective economic advantage, deceptive business practices, commercial disparagement, and anticompetitive conduct constituting antitrust violations under the Sherman Antitrust Act. Hon Hai alleges that Molex breached the License Agreement and made false

and misleading statements to its customers and competitors in an attempt to obtain monopoly power in the relevant industry.

In its Motion, Molex first argues that the Complaint fails to allege facts that would entitle it to relief for attempted monopolization under Section 2 of the Sherman Act. Second, Molex contends that Hon Hai's state tort law claims are preempted by federal patent law and that Hon Hai did not allege sufficient facts to support its commercial disparagement claims. Finally, Molex argues that Hon Hai failed to state a claim for breach of contract relating to the License Agreement.

## II. **STANDARD OF REVIEW**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). "A complaint must always, . . . allege 'enough facts to state a claim to relief that is plausible on its face,'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic*, 127 S.Ct. at 1974). To avoid dismissal, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007).

## III. DISCUSSION

### A. Sherman Act Claim (Attempted Monopolization)

Section 2 of the Sherman Act states that "every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony. . . ." 15 U.S.C. § 2. A claim for attempted monopolization requires a plaintiff to show: (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of obtaining monopoly power. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).

A Sherman Act claim also requires the plaintiff to define in its complaint the relevant geographic and product market that the defendant is attempting or conspiring to monopolize. *National Black Expo v. Clear Channel Broadcasting, Inc.*, No. 03 C 2751, 2007 WL 495307, *8 (N.D.Ill., Feb. 8, 2007). In this case, Hon Hai has defined the relevant market as the worldwide market for all types of DisplayPort connectors, including both SMT and TH connectors. *See* Compl. ¶¶ 96-100.

In its Motion, Molex argues that Hon Hai has failed to state a plausible Sherman Act claim because the Complaint acknowledges competition in the relevant market and fails to allege the required elements of attempted monopolization. Hon Hai argues that it has

alleged sufficient facts to support its claim. In its Complaint, Hon Hai alleges that Molex participated in the development of the DisplayPort and promised VESA that it would license its intellectual property related to DisplayPort. After licenses were granted, when Hon Hai sought to compete, Molex falsely told Hon Hai and third parties that Hon Hai did not have the license to the TH connector. Hon Hai alleges that this conduct harmed competition and created the opportunity for Molex to assume a monopoly position in the relevant market. *See* Compl. ¶¶ 98, 102-108.

The Court agrees with Molex that Hon Hai has failed to state a claim for attempted monopolization. First, Hon Hai has not shown that Molex engaged in unlawful anticompetitive or predatory conduct. Under the Sherman Act, such conduct is "broadly defined as conduct that is in itself an independent violation of the antitrust laws or that has no legitimate business justification other than to destroy or damage competition." *Great Escape, Inc. v. Union City Body Co.*, 791 F.2d 532, 541 (7th Cir., 1986). As a preliminary matter, the Court notes that federal patent laws bestow upon a patent owner a lawful, business justification to assert its patents and to exclude competitors. *See 800 Adept, Inc. v. Murex Secs., Ltd.*, 539 F.3d 1354 (Fed. Cir., 2008). As alleged in the Complaint, Molex is and was at all relevant times the owner of the United States patents related to implementing the DisplayPort. *See* Compl. ¶ 24. Thus, the mere fact that Molex, the patent owner,

informed Hon Hai and third parties about the scope of the License Agreement does not constitute conduct that violates the Sherman Act. Further, the Court finds that the Complaint is unclear as to the relationship between the granting of a patent and VESA approval. Based on the factual allegations in the Complaint, the Court cannot infer that Molex misled VESA to obtain rights to the DisplayPort, and the Court doubts that such conduct would constitute predatory or anticompetitive conduct if alleged. While Molex's conduct may have been a breach of an agreement with VESA or a breach of the License Agreement with Hon Hai, it does not constitute predatory or anticompetitive conduct.

Even assuming that the Complaint alleged facts to support an inference of predatory conduct, which it did not, the attempted monopolization claim still fails because Hon Hai did not allege a "dangerous probability" that Molex may obtain monopoly power in the relevant market. Under the Sherman Act, a plaintiff need not prove that the defendant has succeeded in establishing monopoly power but must show that the defendant "has the capacity to make a serious attempt to acquire monopoly status." *L&W/Lindco Products, Inc. v. Pure Asphalt Co.*, 979 F.Supp. 632, 636 (N.D.Ill., 1997). Here, the Complaint, on its face, concedes competition in the relevant market. As defined by Hon Hai, the relevant market is worldwide in scope and covers both SMT and TH connectors. *See* Compl. ¶¶ 96, 99-100. The Complaint acknowledges that Molex licensed claims to SMT

connectors to Hon Hai and other companies. *See id.* at ¶¶ 30, 101-102. The Complaint makes no other allegations, such as the extent of Molex's worldwide share in the relevant market, that would allow the Court to infer that Molex threatens or even has the capacity to obtain monopoly power. For these reasons, Hon Hai has failed to allege that Molex has or threatens to assume monopoly power in the relevant market.

Consequently, the Court finds that the Complaint does not allege sufficient facts to state a plausible claim for attempted monopolization under the Sherman Act. The Court, therefore, dismisses Count VIII of the Complaint.

### B. State Tort Law Claims

#### 1. Preemption

Molex argues that the Court should dismiss Hon Hai's state tort law claims (tortious interference, deceptive trade practices, and commercial disparagement) because federal patent law preempts tort claims unless the claimant proves that the patent holder acted in bad faith. Molex contends that the facts pleaded in the Complaint do not support an inference of bad faith. Hon Hai responds that the preemption argument is irrelevant, but that, if allegations of bad faith are required, it alleged deliberate, intentional, and bad faith corporate strategy by Molex in intellectual property development and licensing.

According to the Federal Circuit, "[s]tate tort claims against a patent holder, including tortious interference claims, based on enforcing a patent in the marketplace, are 'preempted' by federal patent laws, unless the claimant can show that the patent holder acted in 'bad faith' in the publication or enforcement of its patent." *800 Adept*, 539 F.3d at 1369. The bad faith standard requires the infringement allegations to be subjectively in bad faith and "objectively baseless," meaning that "no reasonable litigant could realistically expect success on the merits." *Id.* at 1370.

In this case, the Complaint alleges that Molex, the patent holder, granted a license to Hon Hai and then disavowed the proper scope of the license to Hon Hai and to third parties. Compl. ¶¶ 37-38, 81. Molex made false and misleading statements to Hon Hai's customers "for the purpose of influencing such customers to buy Molex's products." *Id.* at ¶ 45; *see also id.* at ¶¶ 86, 91. Molex's conduct was "part of a larger strategy of . . . promising to license the necessary IP [and then] revealing that additional IP rights are required to make and use derivative products. *Id.* at ¶ 39. Based on these allegations, the Court finds that Hon Hai has pleaded facts to support inferences that Molex intentionally and systematically acted in bad faith and that its actions were "objectively baseless." *See 800 Adept*, 839 F.3d at 1370. The Court, therefore, rejects Molex's preemption argument.

### *2. Disparagement Claims*

Molex next argues that Counts VI and VII should be dismissed because its patent notifications do not constitute non actionable disparagement. In Count VI, Hon Hai alleges a violation of Section 2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA"), which states, in pertinent part:

> A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: (8) disparages the goods, services or business of another by false or misleading representation of fact; [or' (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

*See* 815 ILCS 510/2(a)(8); 815 ILCS 510/2(a)(12). Although a patent notification, without more, is not actionable under the UDTPA, false or misleading allegations of infringement may constitute disparagement. *Compare Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 710 (N.D.Ill., 2006) *with Herman Miller, Inc. v. Teknion Furniture Systems, Inc.*, No. 93 C 7810, 1996 WL 341541, *3 (N.D.Ill., June 20, 1996). Here, Hon Hai claims more than mere patent notification. The Complaint alleges that Molex made false and misleading statements to third parties regarding the scope of the License Agreement and that this conduct was part of a larger scheme to disparage Hon Hai's business. *See* Compl. ¶¶ 37-38, 45, 81, 86, 91. Based on these allegations and the liberal pleading standard set forth in *Bell Atlantic*, 127 S.


Ct. at 1964, the Court finds that the Complaint adequately states a claim under the UDTPA.

Likewise, Hon Hai alleges adequate facts to support a claim for common law commercial disparagement. Although some Illinois courts have found that such claims are not viable, others recognize these claims and employ a similar standard as the one found in the UDTPA. *See Smart Marketing Group, Inc. v. Publications Intern., Ltd.*, No. 04 C 0146, 2008 WL 4287704, *2 (N.D.Ill., Sept. 11, 2008). As discussed above, Hon Hai has stated a claim for commercial disparagement, and the Court denies Molex's motion to dismiss Count VII for the same reasons.

Accordingly, the Court denies Molex's motion to dismiss Counts V, VI, and VII of the Complaint.

**C. Breach of Contract Claim**

Finally, Molex argues that the breach of contract claim is implausible. Under Illinois law, a breach of contract claim requires the plaintiff to allege: "(1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir., 2007). In this case, Hon Hai has alleged a breach of the License Agreement. The Complaint alleges that the License Agreement covers TH connectors, and that Molex breached the Agreement by failing to perform – namely by reneging on its promise

to license all claims necessary to implement the DisplayPort, including claims to TH connectors.  *See* Compl. ¶¶ 64, 66. Consequently, the Court denies Molex's motion to dismiss Count III.

### IV. CONCLUSION

For the reasons stated herein, Molex's Motion to Dismiss is **granted in part** and **denied in part**.  The Court dismisses Count VIII of the Complaint.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

**DATE:** 2/9/2009